# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

CELESTINE MARCH-CARNEY,    )
    )
    Plaintiff,    )
    )
vs.    )
    )    **CASE NO. 3:04-0116**
    )    **JUDGE CAMPBELL/KNOWLES**
    )
UNITED STEELWORKERS LOCAL    )
1055 ASSOCIATION, INC., UNITED    )
STEELWORKERS OF AMERICA, and    )
BRIDGESTONE/FIRESTONE NORTH    )
AMERICAN TIRE, LLC,    )
    )
    Defendants.    )

## REPORT AND RECOMMENDATION

This matter is before the Court upon a Motion to Dismiss, filed pursuant to Fed. R.Civ. P. 37(d) and 41, by Defendant Bridgestone/Firestone North American Tire, LLC. Docket No. 50. The Motion is accompanied by a Memorandum of Law (Docket No. 51), a Certification of Counsel (Docket No. 52), and a Joint Discovery Statement (Docket No. 53). Plaintiff has filed a Response in Opposition to the Motion and a supporting brief (Docket Nos. 55, 56), and Defendant has filed a Reply Brief. Docket No. 59.

Judge Campbell has referred this Motion to the undersigned for a report and recommendation. Docket No. 60.

Defendant's Motion is based upon an argument that Plaintiff failed to respond to Defendant's Interrogatories and Requests for Production of Documents within thirty (30) days as required by Rules 33 and 34 of the Federal Rules of Civil Procedure.

Defendant's Motion essentially establishes the following. Defendant served its First Set of Interrogatories and First Set of Requests for Production by hand delivery on January 26, 2005. The Responses to that discovery were due February 25, 2005.

Under the Case Management Order previously entered in this action (Docket No. 46), the discovery cut-off deadline was March 1, 2005. The deadline for filing discovery-related Motions was March 15, 2005. *Id*. Defendant argues that Plaintiff did not respond to the discovery requests on or before February 25, 2005, nor did Plaintiff respond by March 1, 2005. Defendant's counsel sent Plaintiff's counsel a letter dated March 4, 2005, advising that if the discovery responses were not received by March 14, Defendant would file the instant Motion. As of March 15, 2005, Plaintiff had provided no Responses.

Plaintiff's Response in Opposition to the Motion argues that dismissal under Fed. R. Civ. P. 41(b) is not allowed in this instance, that dismissal under Rule 37(d) would be unjust, that Defendant's "unclean hands" justifies denying dismissal, and that an award of attorneys' fees to Defendant would be "unjust . . . as a violation of judicial policy in civil rights cases." Perhaps more importantly, Plaintiff states that she served her Interrogatory Responses on March 29, 2005, and planned to serve her Responses to Defendant's Requests for Production on or before April 1, 2005.

While Rules 37 and 41(b) do allow the Court to dismiss a case when a party fails to respond to interrogatories or requests for production of documents or violates the Federal Rules of Civil Procedure, dismissal is a severe sanction that should be imposed sparingly. Fed. R. Civ. P. 37(d) provides that, if a party fails to serve answers or objections to interrogatories or fails to serve a written response to a request for production, "the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action

2

authorized under . . . subdivision (b)(2) of this Rule." Under the circumstances, a dismissal of this action would not be "just" as required by Fed. R. Civ. P. 37(d).

Additionally, the Sixth Circuit has set forth four factors that a Court should consider in determining whether a district court should dismiss an action under Rule 37(b)(2) or Rule 41(b):

> (1) Whether the party's failure is due to willfulness, bad faith, or fault;
>
> (2) Whether the adversary was prejudiced by the dismissed party's conduct;
>
> (3) Whether the dismissed party was warned that failure to cooperate could lead to dismissal; and
>
> (4) Whether less drastic sanctions were imposed or considered before dismissal was ordered.

*United States v. Rayes*, 307 F.3d 451, 458 (6th Cir. 2002) *quoting Knoll v. AT&T,* 176 F.3d 359, 363 (6th Cir. 1999).

Defendant does not discuss this four part test, nor does Defendant attempt to explain how these factors should be applied in the case at bar.

It does not appear that Plaintiff's failure to respond to the discovery requests within the thirty (30) day time frame was due to willfulness, bad faith, or fault, but merely to "overwork" on the part of Plaintiff's counsel. Furthermore, Defendant makes little effort to explain how it was prejudiced by the delay in receiving the discovery responses. Defendant merely states as follows:

> [Defendant] has been prejudiced as a result of Plaintiff's failure to provide timely responses to its interrogatories and requests for production. The discovery deadline set by the Court in this case has passed, and the deadline for dispositive motions is quickly approaching. [Defendant] still lacks responses and documents that would be helpful in its defense.

Docket No. 51, p. 2-3. Defendant, however, makes no attempt to explain what information it sought,

3

that was not provided, that might have been "helpful."[1]

There is no indication that Plaintiff was warned that failure to cooperate could lead to dismissal, although presumably Plaintiff's counsel is aware of that fact.

Finally, less drastic sanctions were not imposed or considered, or even requested before Defendant sought a dismissal of this action. Defendant never sought to compel Plaintiff to respond to the discovery requests at issue. As discussed above, it appears that Plaintiff did respond to the discovery requests, although the responses were admittedly late.

For the foregoing reasons, Defendant's Motion to Dismiss, including its request for attorneys' fees and expenses, should be DENIED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have ten (10) days from receipt of any objections filed in this Report in which to file any response to said objections. Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed. 2d 435 (1985), *reh'g denied,* 474 U.S. 1111 (1986).


E. Clifton Knowles
United States Magistrate Judge

---

[1] The Court notes that Defendant did file a Motion for Summary Judgment on June 1, 2005. Docket Nos. 80, 81. In that Motion, and supporting Memorandum, Defendant did not discuss any potentially helpful information that might have been contained in Plaintiff's discovery responses.

4