IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

CELESTINE MARCH-CARNEY )
)
v. ) NO. 3:04-0116
) JUDGE CAMPBELL
UNITED STEELWORKERS LOCAL )
1055 ASSOCIATION, INC., et al. )

## MEMORANDUM

Pending before the Court are a Report and Recommendation of the Magistrate Judge dated August 18, 2005 (Docket No. 96) and a Report and Recommendation of the Magistrate Judge dated August 19, 2005 (Docket No.97). Plaintiff has filed objections to the second Report and Recommendation at Docket Nos. 100 and 101. The Court has reviewed the Magistrate Judge's findings, the objections, and the record.

The first Report and Recommendation (Docket No. 96) is ADOPTED and APPROVED. Accordingly, Defendant Bridgestone/ Firestone's Motion to Dismiss (Docket No. 50) is DENIED. Plaintiff's objections are OVERRULED, and the second Report and Recommendation (Docket No. 97) is ADOPTED and APPROVED. The Court writes to further explain its decision, in light of Plaintiff's Objections.

## FACTS

The Court adopts the facts as set forth by the Magistrate Judge in his second Report and Recommendation (Docket No. 97).

## SUMMARY JUDGMENT

The Court adopts the summary judgment standards as set forth by the Magistrate Judge (Docket No. 97).

## DEFENDANT BRIDGESTONE/FIRESTONE

Plaintiff's Amended Complaint alleges that Defendant Bridgestone/Firestone was Plaintiff's employer and disciplined her twice, in response to two separate incidents occurring more than two and one-half years apart. Docket No. 8. Plaintiff contends that Bridgestone/Firestone suspended her without pay and imposed upon her a "condition of employment" in response to the first incident and that the condition of employment did not specify its duration. Id., ¶ 24. Plaintiff asserts that, after the second incident, Defendant Bridgestone/Firestone terminated her employment. Id., ¶ 28.

Plaintiff's Amended Complaint alleges that Defendant Bridgestone/Firestone unlawfully interfered with her enjoyment of all benefits, privileges, terms and conditions of her contractual relationship with this Defendant, based upon her race, in violation of 42 U.S.C. § 1981 ("Section 1981"). Id., ¶¶ 53-55.[1]

Section 1981 forbids racial discrimination in the making and enforcing of contracts, which includes the "making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981. The elements of a *prima facie* case, as well as the allocations of the burden of proof, are the same for employment claims under Title VII and under Section 1981. Johnson v. University of Cincinnati, 215 F.3d 561, n. 5 (6th Cir. 2000). To prevail under Section 1981, it is Plaintiff's ultimate burden to prove purposeful discrimination. Wilburn v. Dial Corp., 724 F.Supp. 521, 526 (W.D. Tenn. 1989).

In order to establish a *prima facie* case under Section 1981, Plaintiff must show that (1) she was a member of a racial minority; (2) she was qualified for the position held; (3) she was subjected

---

[1] Plaintiff did not file a charge against this Defendant with the Equal Employment Opportunity Commission ("EEOC") and has not filed a Title VII claim against it.

2

to an adverse employment decision;[2] and (4) she was treated less favorably that a similarly situated individual outside her protected class. Johnson, 251 F.3d at 572. Plaintiff meets the first three of these elements.

With regard to the fourth element, to be considered "similarly situated" in the disciplinary context, Plaintiff must show that the comparables are similarly situated in all respects; that is, they must be nearly identical in all of the relevant aspects. Noble v. Brinker Int'l, Inc., 391 F.3d 715, 728 (6th Cir. 2004). Thus, to be deemed similarly situated, the individuals with whom Plaintiff seeks to compare herself must have dealt with the same supervisor, have been subject to the same standards, and have engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it. Id.

If the Plaintiff establishes the elements of her *prima facie* case, then the burden shifts to Defendant to articulate some legitimate, nondiscriminatory reason for the adverse employment action. If Defendant carries this burden, then Plaintiff must prove that the proffered reason was actually a pretext to hide unlawful discrimination. Johnson, 215 F.3d at 572.

The Court finds, for the reasons set forth more fully in the Magistrate Judge's Report and Recommendation (Docket No. 97), that Plaintiff has not shown that the individuals with whom she compares herself are similarly situated in all relevant aspects. For example, Plaintiff has not rebutted the evidence of differentiating or mitigating circumstances that distinguish those individuals from the Plaintiff, things such as length of employment and type of disciplinary infraction.

---

[2] It is unclear which alleged "adverse employment action" Plaintiff is claiming violated Section 1981 --- her discharge, or the "condition of employment," or her suspension without pay. Plaintiff's Amended Complaint states that the adverse employment action she attributes to Bridgestone/Firestone is her discharge. Docket No. 8, ¶ 45.

3

In addition, Plaintiff has not shown that race was a motivating factor in the decision of Bridgestone/Firestone to terminate her employment. In other words, Plaintiff has not shown purposeful discrimination based upon race. Her "condition of employment" provided that any verbal or physical altercation would result in her termination, Docket No. 65, Tab 2B, and Plaintiff does not dispute that she had a verbal altercation with security guards at Bridgestone/Firestone. Docket No. 73, ¶¶ 15-29. In any event, Bridgestone/Firestone has offered a legitimate, nondiscriminatory reason for its decision, and Plaintiff has not shown that reason to be pretextual.

For these reasons, the Court ADOPTS and APPROVES the Magistrate Judge's recommendation that Plaintiff's Section 1981 claim against Defendant Bridgestone/Firestone be DISMISSED.

## DEFENDANT LOCAL UNION

Plaintiff's Amended Complaint asserts claims against the Defendant Local United Steelworkers for violations of both Section 1981 and Title VII.[3] Plaintiff contends that she was subjected to an adverse employment action when Defendant Labor Union ceased activity on or withdrew her grievance concerning her discharge. Docket No. 8, ¶ 45. Plaintiff claims that the Local Union's alleged misconduct was based upon Plaintiff's sex and/or race, in violation of Title VII and in violation of Section 1981. Id., ¶¶ 48-51 and 53-55.

Plaintiff's Section 1981 claim against the Local Union is analyzed under the standards set forth above. The adverse employment action which Plaintiff attributes to the Local Union is its failure to pursue her grievance concerning the termination of her employment. Docket No. 8, ¶ 45.

---

[3] As the Magistrate Judge notes, Plaintiff filed an EEOC Charge of Discrimination against Defendant Local Union, but not against the other two Defendants.

Again, however, Plaintiff has failed to show that similarly situated individuals outside the protected class, with no differentiating or mitigating circumstances, were treated more favorably than she. In addition, Plaintiff has not shown that race was a motivating factor in the Local Union's decision to withdraw her grievance. Even if she had, the Local Union has presented legitimate, nondiscriminatory reasons for its actions, as more fully set forth below, and Plaintiff has not shown those reasons to be pretextual. Therefore, the Court ADOPTS and APPROVES the Magistrate Judge's recommendation, and Plaintiff's Section 1981 claim against the Local Union is DISMISSED.

Title VII forbids labor organizations from discriminating against any individual because of race, color, religion, sex or national origin. 42 U.S.C. § 20003-2(c). Because Plaintiff's Title VII claim against the Local Union involves representation by the Union of its members' interests, Plaintiff must first show that the Union breached its duty of fair representation. Nweke v. Prudential Ins. Co. of America, 25 F.Supp.2d 203, 220 (S.D. N.Y. 1998). A union breaches this duty of fair representation when its conduct toward a member is "arbitrary, discriminatory or in bad faith." Id.; see also McKelvin v. E.J. Branch Corp., 124 F.3d 864, 867 (7th Cir. 1997) and Causey v. Ford Motor Co., 516 F.2d 416, 425 (5th Cir. 1975). A union's breach of the duty of fair representation also subjects it to liability under Title VII if the breach can be shown to be because of the plaintiff's race, color, religion, sex or national origin. Farmer v. ARA Services, Inc., 660 F.2d 1096, 1104 (6th Cir. 1981).

Plaintiff asserts that the Local Union's decision not to pursue her grievance was discriminatory because of her gender and race. A union is not liable for mere errors in judgment if there were made honestly and in good faith. Farmer, 660 F.2d at 1103. The union is not required

5

to represent each member of the bargaining unit to his or her complete satisfaction on every grievance. Id.

As explained in the Report and Recommendation, Plaintiff has failed to show that the Local Union's decision to withdraw her grievance was arbitrary, discriminatory or in bad faith. Furthermore, Plaintiff has not shown that the Local Union's decision was motivated by her race or gender.

Defendants have presented legitimate, nondiscriminatory reasons for deciding not to pursue Plaintiff's grievance. For example, Plaintiff agreed to and signed the "condition of employment" about which she complains and therefore knew, or should have known, that the condition was unlimited in duration. Plaintiff also knew, or should have known that termination was likely for any further verbal or physical altercation. In addition, the Local Union drew upon its prior experience in grieving complaints to make its reasoned decision. Accordingly, the Court ADOPTS and APPROVES the Magistrate Judge's recommendation and Plaintiff's Title VII race and gender discrimination claims against the Local Union are DISMISSED.

Plaintiff also asserts that Defendant Local Union retaliated against her for engaging in protected speech; i.e., notifying the International Union of her complaint with the Local Union. The Magistrate Judge opined that the e-mail notification at issue was not "protected activity" under the retaliation provisions of Title VII. Docket No. 97, p. 32.

Title VII prohibits an employer from discriminating against any employee because the employee has opposed any unlawful employment practice under Title VII or participated in any manner in an investigation under Title VII. 42 U.S.C. § 2000e-3(a); Johnson, 215 F.3d at 578. Plaintiff's complaint to the International Union concerned the Local Union's alleged

misrepresentation to her about the circumstances of the "condition of employment" she received in 2000. See Docket No. 97, p. 31.[4] There is no evidence that Plaintiff complained to the International Union that the Local Union was discriminating against her, based upon gender or race, in violation of Title VII. In addition, there is no evidence that Plaintiff's e-mail to the International Union was participation in a Title VII investigation.

For these reasons, the Court finds that the communication at issue between Plaintiff and the International Union was not Plaintiff's opposition to any unlawful employment practice under Title VII or participation in a Title VII investigation. The Court ADOPTS and APPROVES the Magistrate Judge's recommendation, and Plaintiff's retaliation claim against the Local Union is DISMISSED.

## DEFENDANT INTERNATIONAL UNION

Finally, Plaintiff has sued the International Union as vicariously liable for the alleged misconduct of the Local Union. Because the Court finds no misconduct by the Local Union, it need not address whether the International Union could be vicariously liable in this manner. Defendant International Union's Motion for Summary Judgment is GRANTED, and Plaintiff's claims against the International Union are DISMISSED.

## CONCLUSION

For these reasons, the two Reports and Recommendations of the Magistrate Judge (Docket Nos. 96 and 97) are ADOPTED and APPROVED. Defendants' Motions for Summary Judgment (Docket Nos. 62 and 80) are GRANTED, and this action is DISMISSED.

---

[4] There is no evidence that the Local Union misled Plaintiff in any event. The "condition of employment" of which Plaintiff complains was signed by and agreed to by the Plaintiff herself. Plaintiff's Deposition (Docket No. 65, Tab 2), Ex. 1.

IT IS SO ORDERED.

*[signature: Todd Campbell]*
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE

8